**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 11-01015-DD |
| JoAnn Elizabeth Troupe, | Chapter 13 |
| Debtor. | **ORDER** |

This matter is before the Court on an Objection to Confirmation ("Objection") filed by GMAC Mortgage, LLC ("GMAC") on June 8, 2011. Prior to GMAC's Objection being filed, a confirmation hearing was held on May 16, 2011 on JoAnn Elizabeth Troupe's ("Debtor") chapter 13 plan filed March 4, 2011. After the confirmation hearing, the Court entered a form order temporarily denying confirmation of Debtor's March 10 plan, but allowing an amended plan of Debtor to be confirmed without further hearing. Just prior to the May 16 confirmation hearing, Debtor filed an amended plan on May 12, 2011. GMAC's Objection relates to the May 12 amended plan. A hearing on GMAC's Objection was held August 15, 2011. Following the hearing, the Court took the matter under advisement. After further consideration of the issues, the Court makes the following Findings of Fact and Conclusions of Law.

**FINDINGS OF FACT**

Debtor filed for chapter 13 protection on February 18, 2011. Debtor's Schedule I shows net monthly income, after payroll deductions, of $3,959.46. Debtor lists monthly expenses of $2,855.20 on her amended Schedule J, leaving her with monthly disposable income of $1,104.26. Debtor's Schedule D lists secured debt of $146,237.88, which includes three mortgages on three different properties and a lien on a lawnmower in the amount of $4,220.91. Debtor has unsecured debts of $65,109.20.

Debtor's March 4 plan proposed monthly payments of $536 for 60 months. That plan indicated that Debtor was current on her obligation to GMAC for a lot and mobile home on Meeting House Road ("Meeting House Road property") and would continue regular payments directly to GMAC, outside the plan. Debtor's May 12 amended plan provides for 16 monthly payments of $1,086, followed by 44 monthly payments of $1,286. The May 12 plan proposes to value GMAC's claim at $13,000. The estimated amount of GMAC's claim is $70,370.40.

Debtor owns a total of three properties. In addition to the Meeting House Road property, Debtor owns a lot and mobile home located on Vandoval Road ("Vandoval Road property") and a lot located on Rail Farms Court. The tax assessed value of the Meeting House Road property is $13,000, which includes a value of $7,000 for the mobile home and $6,000 for the land on which it sits. The tax appraisal value of the Vandoval Road property is $58,300. The tax appraisal value of the lot located on Rail Farms Court is $19,200.

Prior to 2010, Debtor lived in the Meeting House Road property. In April 2010, Debtor entered into a one year lease for the rental of the Meeting House Road property and moved to the Vandoval Road property. The lease for the Meeting House Road property was renewed for another year in April 2011. The rent payment under the lease is $700 per month, or $8,400 per year. Debtor did not notify the Richland County Assessor's Office of the change in her legal residence until July 21, 2011. Debtor listed rental income on her 2010 tax return at $8,400 and listed the rental property as the Vandoval Road property.

## **CONCLUSIONS OF LAW**

GMAC's Objection is two-fold. First, GMAC argues that the Meeting House Road property is Debtor's principal residence and therefore cannot be valued in Debtor's plan. GMAC

next argues that even if the Court finds that the Meeting House Road property is not Debtor's principal residence and therefore can be valued, the value of the property is more than $13,000.

### I. Debtor's Principal Residence

In asserting that the Meeting House Road property is Debtor's principal residence, GMAC relies almost exclusively on the fact that Debtor did not notify the Richland County Assessor's Office of her change in legal residence until late July 2011. GMAC also points to the fact that Debtor's 2010 tax return lists rental income from the Vandoval Road property in the exact amount of rental income to be received from the Meeting House Road lease.

The Court finds that the Vandoval Road property is Debtor's principal residence. Debtor moved out of the Meeting House Road property in 2010 and leased that property to two other individuals who have resided there under two one-year leases since April 2010. The leases were admitted into evidence. Debtor testified that she simply forgot to contact the Richland County Assessor's Office about the change in residence. She also testified that the listing of rental income received from the Vandoval Road property was a mistake, as that rental income was actually received from the Meeting House Road property. The Court finds these mistakes do not affect the reality of Debtor's situation. Debtor no longer lives at the Meeting House Road property and has not done so for over a year. In fact, Debtor has obtained tenants to occupy that property and earns rent as a result. Despite Debtor's failure to timely report such a status, the Court finds that the Meeting House Road property is not Debtor's principal residence.

### II. Valuation

GMAC argues that in the event the Court finds that the Meeting House Road property can be valued in Debtor's plan, the value is higher than the tax appraisal value of $13,000. Debtor testified, as the owner of the property, that she believed the property is worth $13,000.

The sole basis for her opinion is the tax appraisal; she expressed no other facts in support of her opinion. No evidence regarding the underpinnings of the tax appraisal value was presented; only the amount of the tax appraisal was provided.

In support of its valuation argument, GMAC presented an appraisal prepared by its expert, James Kyle Smith. The appraisal was completed on August 10, 2011. Mr. Smith also presented testimony at the hearing. Mr. Smith testified that he used the sales comparison approach to arrive at a valuation of $45,000 for the Meeting House Road property. In his appraisal, he examined six comparable properties, which ranged in adjusted sales price from $32,700 to $60,100.

The Meeting House Road property is 1,268 square feet and contains four bedrooms and two and a half bathrooms. The mobile home was manufactured in 1989 and sits on 1.25 acres of land. The home has an attached porch and an additional screened-in porch. There are also two detached storage buildings located on the property. The appraisal lists the condition of the property as average.

Debtor argued that the comparable property most similar to the Meeting House Road property is comparable number 4, which had an actual sales price of $22,000 and an adjusted sales price of $32,700. This property was bank-owned at the time of the last sale, and its condition in the appraisal report is listed as fair. The property is 1,152 square feet and sits on 1.5 acres. It has four bedrooms and two full bathrooms and is about twelve years old. The property has an attached porch and a deck. Debtor argued this property is most similar to the Meeting House Road property based on the similar square footage and the fact that it has a porch and deck similar to the Meeting House Road property. In arguing that the Meeting House Road

property is worth less than comparable number 4, Debtor pointed out that the comparable property is about ten years newer and has a larger amount of acreage.

GMAC argued that the comparable property most similar to the Meeting House Road property is comparable number 1. That property had an actual sales price of $50,000 and an adjusted sales price of $42,500. The property is 1,272 square feet and sits on 1.14 acres. It has four bedrooms and two full baths. It has a porch, patio, a detached two car garage, and a 650 square foot garage apartment. That home is approximately 29 years old and is listed in average condition. GMAC contended this property is the most similar to the property at issue because it is almost the same amount of square footage, has a similar amount of acreage, and is about the same age. That property has a detached garage apartment and a two car garage, which the property at issue does not have.

After consideration of the evidence presented, the Court finds that the value of the Meeting House Road property is $40,000. The average adjusted sales price for the six comparable properties listed in Mr. Smith's appraisal report is $47,591, and the average actual sales price is over $60,000. Mr. Smith found the appraised value of the Meeting House Road property to be $45,000. While the current housing market is generally very poor, Mr. Smith's appraisal report indicates that the area surrounding the property at issue has relatively stable property values and average demand. Mr. Smith found the property at issue to be in average condition. Three of the comparable properties, including comparable property 1, were also in average condition, two were in above average condition, and one, comparable property 4, was in fair condition. While all these factors tend to indicate that the appraisal value is reasonable, the tax appraisal value of the property, which is entitled to some consideration, is only $13,000. Given all these factors, the Court finds the value of the property to be $40,000.

## **CONCLUSION**

For the reasons set forth above, the Court finds that the Meeting House Road property is not Debtor's principal residence and can be valued. The Court finds that the value of the Meeting House Road property is $40,000. Debtor must file an amended plan valuing GMAC's lien at $40,000 within ten (10) days. If Debtor fails to file such a plan within ten (10) days, her case will be dismissed without further notice or hearing.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**08/19/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 08/22/2011